UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:                                                                Case No. 07-32167

    TUNISA L. RIGGINS,                                 Chapter 13    **FILED**
                      Debtor.

                                            MAY 20 2008

                                      OFFICE OF THE BANKRUPTCY CLERK
APPEARANCES:                                     SYRACUSE, NY

HARRIS LAW OFFICE PLLC                              JESSICA G. GRADY, ESQ.
Attorney for Tunisa L. Riggins
4199 East Genesee Street
Syracuse, New York 13214

CHAPTER 13 TRUSTEE                                  MARK W. SWIMELAR, ESQ.
250 South Clinton Street                            Standing Chapter 13 Trustee
Suite 203                                           LYNN HARPER WILSON, ESQ.
Syracuse, New York 13202                            Staff Attorney for Chapter 13 Trustee

MARGARET CANGILOS-RUIZ, U.S. BANKRUPTCY JUDGE

**MEMORANDUM-DECISION AND ORDER**

      The chapter 13 trustee ("Trustee") objects to confirmation of the plan proposed by Tunisa L. Riggins ("Debtor") under section 1325 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (2008), ("Code"). Trustee's objection is that Debtor is not committing all of her "projected disposable income" during the applicable commitment period under the plan to pay unsecured creditors. Specifically, Trustee cites Debtor's failure to "net out" her federal and state income tax refunds against the federal and state taxes withheld from her paycheck. The concomitant result would be to reduce Debtor's tax expense to what is actually paid and thereby

increase the monthly disposable income calculated on her Form 22C.[1] This memorandum-decision incorporates the court's findings of fact and conclusions of law as permitted by Fed. R. Bankr. P. 7052, made applicable by Fed. R. Bankr. P. 9014.

## JURISDICTIONAL STATEMENT

The court has core jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334, 157(a), (b)(1) and (b)(2)(L).

## FACTS

The parties have stipulated to the essential underlying facts.[2] Debtor filed for relief under chapter 13 of the Bankruptcy Code on August 22, 2007. Debtor is an "above the median" debtor, requiring a plan commitment period of 60 months.[3]

Debtor calculates her monthly disposable income on Form 22C as "$0.00" and her monthly net income on Schedule J as "$410.64." The difference between the two calculations is explained by Debtor's treatment of her tax expense and tax refund. On Line 30 of Form 22C, Debtor lists $1,715.58 under "Other Necessary Expenses: taxes." This amount, $1,715.58, is withheld each month from Debtor's paycheck for taxes. Based upon this withholding, coupled with Debtor's allowable deductions and tax credits, Debtor received federal and state income tax refunds for 2006 of $6,018.00 and $1,902.00, respectively. Debtor's plan proposes monthly payments of $425.00 funded by income which includes her tax refunds.

---

[1] Official Form 22C, "Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income," which was first introduced by the 2005 amendments to the Code known as the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA").

[2] See "Stipulated Facts" filed at Docket No. 14.

[3] Whether or not a debtor is "above the median" or "below the median" is determined by calculations made on Form 22C. Based upon the size of a debtor's household, a debtor inputs the applicable median family income for a family of comparable size (available at www.usdoj.gov/ust/ ) on line 16 of Form 22C and then determines if his or her income is above or below the amount indicated on line 16. For debtors whose income is below the applicable median family income, the applicable commitment period is 3 years, and for debtors whose income is above the applicable median family income, the applicable commitment period is 5 years. 11 U.S.C. § 1325(b)(4).

2

Line 13 of Debtor's Schedule I lists the amount of $660.00 as "other monthly income" under the heading, "tax refund." This $660.00 monthly amount is calculated by taking the sum of Debtor's 2006 federal tax refund and 2006 New York State tax refund and dividing by 12.

## DISCUSSION

In order for a debtor to confirm a plan over an objection by the trustee or the holder of an allowed unsecured claim, the debtor must either pay unsecured claims in full or show that "all of the debtor's projected disposable income to be received in the applicable commitment period…will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1)(B).

Trustee asserts that in order for Debtor to make the required showing of applying all of Debtor's projected disposable income to unsecured creditors under the plan, Debtor's tax expense listed on Line 30 of Form 22C ("Other Necessary Expenses: taxes") currently based on taxes withheld, should be reduced by the amount of Debtor's tax refunds received at the end of the year to reflect Debtor's accurate and actual net tax expense. If, as Trustee argues, Debtor had done this by subtracting $660.00 from Line 30, Trustee estimates that Debtor's monthly disposable income reflected on Line 58 would be $593.69, instead of "$0.00." Trustee further calculates that this change alone would require that a 68% dividend be paid on unsecured claims based upon scheduled debts instead of the current 1% proposed dividend. The foregoing underscores how plan proposals can vary widely, entirely dependent upon how numbers, including expenses, are listed and treated on Form 22C and Schedules I and J.

Trustee argues that to comply with the directive on Line 30 of Form 22C ("Enter the total average monthly expense that you actually incur…") a debtor should average tax refunds over twelve months and then deduct the result from the amount withheld each month. The result

3

should then be listed on Line 30 of Form 22C. Trustee relies on *In re Balcerowski*, 353 B.R. 581 (Bankr. E.D. Wis. 2006), which holds that "the appropriate way to calculate the tax expense for this purpose is for the debtor to estimate, and subtract from his income the actual tax he will incur, not the amount he has withheld from his wages." *Id.* at 582.

Debtor acknowledges that courts have held that debtors can only deduct taxes actually incurred on Line 30 of Form 22C but emphasizes that those courts do not direct how to determine taxes actually incurred (as reported on Form 22C). Debtor argues that since she has accurately claimed the number of dependents in her household, the amount withheld each month is reasonable and, therefore, acceptable for Form 22C purposes. Debtor argues further that since she has listed her tax refund (divided by 12) as income on Schedule I and used that figure to calculate plan payments, her tax refund income is being applied toward payment of unsecured creditors. Finally, Debtor asserts that since she bases her proposed plan payments on the income reported on Schedule I, which includes the tax refund as income, and not on the calculations of Form 22C, she thereby satisfies the projected disposable income test of Code § 1325(b)(1)(B) and the proposed plan should be confirmed.

Trustee asks this court to focus solely on a proposed modification to include tax refund amounts on Form 22C to determine the amount of Debtor's plan payments while Debtor relies on her filed Schedules I and J. This dichotomy reflects the continuing challenge for all trustees post-BAPCPA to confirm that a debtor is applying all projected disposable income for payment of unsecured creditors under a proposed plan. The focus on a single form, when viewed in isolation, is perhaps not best suited for this analysis.

Nevertheless, tailored to the current facts presented by this objection, the court finds that if Debtor is able to propose plan payments based upon monthly net income attributable to tax

4

refunds reported on Schedule I, then Debtor can also incorporate the reporting of tax refunds to offset tax expenses on Form 22C. Both forms should portray income and expenses as accurately as possible to assist the inquiry into whether Debtor is proposing to pay all of her projected disposable income to unsecured creditors.

Accordingly, insofar as Trustee's objection is related to Debtor's completion of Form 22C, the objection is sustained. Confirmation on the present record is denied without prejudice to Debtor submitting an amended Form 22C and/or amended Schedules I and J to more accurately reflect Debtor's actual expenses and income, and/or an amended plan to resolve Trustee's objection.

**SO ORDERED.**

Dated: May 20, 2008
Syracuse, New York

_____
Hon. Margaret Cangilos-Ruiz
U.S. Bankruptcy Judge

5